**BARNES & THORNBURG LLP**
KEVIN D. RISING (SBN 211663)
kevin.rising@btlaw.com
ERIC J. BESTE (SBN 226089)
Eric.Beste@btlaw.com
GARRETT S. LLEWELLYN (SBN 267427)
garrett.llewellyn@btlaw.com
JONATHAN BOUSTANI (SBN 274748)
jboustani@btlaw.com
655 W. Broadway, Suite 1300
San Diego, California 92101
Telephone:  619-321-5000
Facsimile:   310-284-3894

Attorneys for Defendant i360, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER TAG,<br><br>             Plaintiff,<br><br>     v.<br><br>i360, LLC; GC STRATEGIES, LLC; JOSEPH LEVENTHAL; and DOES 1-1,000.<br><br>             Defendants. | Case No. **'21CV1184 BEN BGS**<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Diversity Jurisdiction 28 U.S.C. §§ 1332(d)(2), 1441, 1446, 1453]<br><br>[Declaration of Kevin D. Rising and Corporate Disclosure Statement filed concurrently herewith]<br><br>(*Removed from the Superior Court of California, County of San Diego, Case No. 37-2021-00023265-CU-CR-CTL*)<br><br>Complaint filed: May 27, 2021 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant i360, LLC ("i360") hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and in support thereof, states as follows:

## STATEMENT OF THE CASE

1. On May 21, 2021, Plaintiff Jennifer Tag ("Plaintiff") filed a Class Action Complaint in the United States District Court for the Southern District of California (the "Federal Complaint"), styled *Jennifer Tag v. i360, LLC; GC Strategies, LLC; and Joseph Leventhal*, Case No. 21-cv-00975-LMDD (the "Federal Action"). A copy of the Federal Complaint is attached as Exhibit A to the declaration of Kevin D. Rising ("Rising Decl.") filed concurrently herewith.

2. In the Federal Complaint, Plaintiff alleged that Defendants i360, GC Strategies, LLC ("GC"), and Joseph Leventhal (collectively, "Defendants") wrongfully purchased, sold, and/or distributed the confidential voter registration information of California voters, including Plaintiff. (Rising Decl., ¶ 2, Ex. A [Federal Compl., ¶¶ 5-13, 143-147, 152, 160, 171, 176-184].) Accordingly, Plaintiff sought to certify (1) a Class of California voters whose information was allegedly distributed or sold by GC or i360, and (2) a Sub-Class comprised of members of the Class who, like Plaintiff, obtained confidential voter status pursuant to California Election Code § 2166. (*Id.* at ¶¶ 128-129.)

3. Based on these allegations, Plaintiff asserted four causes of action against Defendants for (1) Negligence, (2) Public Disclosure of Private Facts, (3) Invasion of Privacy, Cal. Const. Art. 1, § 1, and (4) Violations of California Unfair Competition Laws, Cal. Bus & Prof. Code §§ 17200.

4. Furthermore, Plaintiff alleged that the Court had "original jurisdiction over [the Federal Action] pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28

U.S.C. § 1332(d) because: at least one Defendant, i360, is a citizen of a different state than the Plaintiff, the proposed Class consists of more than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of $5 million exclusive of interests and costs." (Federal Compl., ¶ 15].) Plaintiff also alleged that "[n]one of the exceptions under CAFA apply to this action." (*Id.*)

5. On May 24, 2021, the Court in the Federal Action entered an Order Dismissing Complaint With Leave to Amend to Allege Subject Matter Jurisdiction because "it is not possible to determine on the face of the complaint that minimal diversity is present…" (Rising Decl., ¶ 3, Ex. B.) Specifically, the Court found that Plaintiff had not "alleged the minimal diversity as required for subject matter jurisdiction under CAFA" because she did "not allege any Defendant's citizenship." (*Id.*) Nevertheless, the Court granted Plaintiff leave to amend the Federal Complaint to supplement her jurisdictional allegations. (*Id.*)

6. Instead of amending the Federal Complaint, however, Plaintiff voluntarily dismissed the Federal Action without prejudice on May 26, 2021. (Rising Decl., ¶ 4, Ex. C.)

7. One day later, on May 27, 2021, Plaintiff re-filed a virtually identical Class Action Complaint in the Superior Court of San Diego (the "State Court Complaint"), styled *Jennifer Tag v. i360, LLC; GC Strategies, LLC; Joseph Leventhal; and DOES 1-1,000*, Case No. 37-2021-00023265-CU-CR-CTL (the "State Court Action"). (Rising Decl., ¶ 5, Ex. D [State Ct. Compl.]) In the State Court Complaint, Plaintiff asserts the same four causes of action against Defendants for (1) Negligence, (2) Public Disclosure of Private Facts, (3) Invasion of Privacy, Cal. Const. Art. 1, § 1, and (4) Violations of California Unfair Competition Laws, Cal. Bus & Prof. Code §§ 17200. Again, these causes of action are based on Plaintiff's claim that Defendants wrongfully purchased, sold, and/or distributed the confidential voter registration information of California voters, including Plaintiff. (State Ct. Compl., ¶¶ 5-13, 143-147, 152, 160, 171, 176-182.)

8.     On May 28, 2021, i360 was served with the Summons and State Court Complaint in the State Court Action. (Rising Decl., ¶ 5.)

## THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA

9.     As alleged by Plaintiff in the Federal Complaint, this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified at 28 U.S.C. §§ 1332(d)(2) and 1453). Accordingly, the State Court Action may be removed under 28 U.S.C. § 1453.

10.     Pursuant to CAFA, federal district courts have original jurisdiction over a class action if: (1) it involves 100 or more potential class members; (2) any class member is a citizen of a state different from any defendants; and (3) the aggregate amount in controversy exceeds $5,000,000.00, exclusive of costs and interest. *See* 28 U.S.C. §§ 1332(d)(2), (d)(6), and (d)(11)(B)(i). As previously alleged by Plaintiff, this putative class action lawsuit satisfies all three jurisdictional requirements under CAFA. (Federal Compl., ¶ 15].)

11.     Removal is proper under 28 U.S.C. § 1441(a) because a district court of the United States would have had original jurisdiction over this civil action on the basis of CAFA (28 U.S.C. § 1332(d)(2)) had the State Court Complaint originally been brought in federal court.

12.     CAFA fundamentally changed legal standards governing removal jurisdiction. Believing that state courts were not adequately protecting defendants against class action abuses, Congress explicitly stated that CAFA's provisions "should be read broadly, with a strong preference that interstate actions should be heard in federal court." S. Rep. No. 109-14, at 42 (2005). Congress instructs district courts to "err in favor of exercising jurisdiction." *Id.* at 42. As shown below, the requirements for diversity jurisdiction under CAFA (28 U.S.C. § 1332(d)(2)) are satisfied.

13.     **Class Action.** The State Court Action is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial

procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* As alleged in the State Court Complaint, Plaintiff "brings this class action on behalf of herself and on behalf of all others similarly situated and the general public" (State Ct. Compl. ¶ 14) and seeks certification of a Class and Sub-Class of California voters.  (State Ct. Compl. ¶¶ 128-138 ["Class Action Allegations"]).

14. **Diversity of Citizenship.** Plaintiff seeks certification of a Class and Sub-Class of "[a]ll individuals whose California voter registration information was distributed and sold by [GC] and [i360]…" (State Ct. Compl. at ¶ 128), and alleges that she "*was* a citizen and resident of San Diego, California" (*Id.* at ¶ 18). However, the State Bar of California website currently lists a Tennessee address for Plaintiff. Accordingly, i360 is informed and believes, and based thereon alleges, that Plaintiff is a citizen of Tennessee.

The citizenship of i360 alone is sufficient to establish the minimal diversity required under CAFA. The citizenship of a corporation is determined by the State of its incorporation and the State in which it has its principal places of business. 28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (adopting the "nerve center" definition of a corporation's principal place of business). As a limited liability company, however, i360 is a "citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). None of i360's members are citizens of California or Tennessee. The sole member of i360 is Demeter Analytics Services, LLC, and this entity's sole member is Demeter Analytics Holdings, LLC. Finally, the sole member of Demeter Analytics Holdings, LLC is Koch Industries, Inc., which is incorporated in Kansas and has its principal place of business in Kansas. In light of the foregoing, Koch Industries, Inc., Demeter Analytics Holdings, LLC, Demeter Analytics Services, LLC, and i360 are all citizens of Kansas.

15. Accordingly, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2) is satisfied.

16.     ***Minimum Amount in Controversy.*** "The notice of removal may assert the amount in controversy if the initial pleading seeks: (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). i360 denies that Plaintiff or the putative Class and Sub-Class are entitled to damages of any kind, and reserves all rights to contest the method by which Plaintiff intends to calculate damages. However, the matter alleged to be in dispute in this litigation exceeds the amount in controversy threshold set forth in 28 U.S.C. § 1332(d)(2), exclusive of interest and costs. The State Court Complaint seeks relief that includes: (a) actual damages; (b) statutory damages; (c) punitive damages; (d) restitution; (e) equitable relief; (f) declaratory relief; (g) injunctive relief; (h) costs and fees; and (i) pre- and post-judgment interest. (*See* State Ct. Compl., Prayer for Relief.) Aggregation of these requested forms of relief brings this matter within the purview of CAFA.

Under CAFA, the amount in controversy is determined by aggregating the claims of all individual class members. 28 U.S.C. § 1332(d)(6). A court must "assume that the allegations in the complaint are true and assume that the jury will return a verdict for the plaintiff on all claims in the complaint." *Jasso v. Money Mart Exp., Inc.*, No. 11-cv-5500, 2012 WL 699465, *2 (N.D. Cal. Mar. 1, 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)); *see also Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 664 (9th Cir. 2005) ("The question is whether the amount of damages [the plaintiff] claimed in its complaint was asserted in good faith; if so, that amount controls for purposes" of the analysis). Thus, it is irrelevant to assessing the amount in controversy that i360 denies liability and deny that Plaintiff, or any putative class members, are entitled to the type and amount of relief requested.

The Plaintiff's State Court Complaint clearly indicates that Plaintiff seeks damages in excess of $5,000,000 on behalf of herself and the putative Class and Sub-

1 | Class. Indeed, based on the same facts alleged in the State Court Complaint, Plaintiff
2 | alleged in the Federal Complaint that "the amount in controversy in the aggregate for
3 | the putative Class exceeds the sum or value of $5 million exclusive of interests and
4 | costs." (Federal Compl. ¶ 15].)

5 |     Furthermore, Plaintiff alleges that the putative "Class and Sub-Class likely
6 | number millions of California voters" in light of the fact that "there were approximately
7 | 22,389,846 registered voters in California" during the 2020 general election. (State Ct.
8 | Compl. ¶ 131.) Accordingly, even if Plaintiff were alleging that each member of the
9 | putative Class was only entitled to recover a nominal sum, the minimum amount in
10 | controversy would still exceed $5,000,000 based on the sheer volume of potential Class
11 | members.

12 |     17.    ***Number of Proposed Class Members.*** As stated above, Plaintiff seeks
13 | certification of a Class and Sub-Class of California voters that numbers in the millions.
14 | (State Ct. Compl. ¶ 131.) It is clear that Plaintiff's proposed class far exceeds the
15 | minimum requirement of 100 potential class members.  Thus, the State Court Action
16 | satisfies the numerosity requirement of 28 U.S.C. § 1332(d)(5)(B).

17 |     18.    ***Timeliness.*** The removal notice is filed as required by 28 U.S.C. § 1446(b).
18 | i360 was served with a copy of the State Court Complaint on May 28, 2021.
19 | Accordingly, i360 has timely filed this Notice or Removal within thirty days of service.
20 | *Madren v. Belden, Inc.*, No. 12–CV–01706–RMW, 2012 WL 2572040, *20 (N.D. Cal.
21 | July 2, 2012); *see also Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo,*
22 | *CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011).

23 |     19.    ***Exceptions Do Not Apply.*** The exceptions to removal under 28 U.S.C.
24 | §§ 1332(d) and 1453 do not apply.

25 | **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

26 |     20.    The Superior Court of the State of California, County of San Diego, is
27 | located in the Southern District of California. This Notice of Removal is therefore
28 | properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

21.     i360 has complied with 28 U.S.C. § 1446(a) and (d).  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, or orders on file in the State Court Action or served on i360 are attached as Exhibit D to the Rising Decl.

22.     Counsel for i360 certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego, and will serve notice of same on counsel for Plaintiff in accordance with 28 U.S.C. § 1446(d).

23.     Under 28 U.S.C. § 1453(b), a class action "may be removed by any defendant without the consent of all defendants."

24.     This Notice of Removal is signed by counsel for and on behalf of i360 pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, for the reasons stated herein, i360 prays that this action be removed to this Court; that all further proceedings in the state court be stayed; and that i360 obtain all additional relief to which it is entitled.

Dated:  June 28, 2021

**BARNES & THORNBURG LLP**

By: */s/ Kevin D. Rising*
    KEVIN D. RISING
    ERIC J. BESTE
    GARRETT S. LLEWELLYN
    JONATHAN J. BOUSTANI

Attorneys for Defendant i360, LLC