# EXHIBIT B

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER TAG,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>i360, LLC et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 21cv975-L(MDD)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND TO ALLEGE SUBJECT MATTER JURISDICTION** |

In this putative class action alleging invasion of privacy Plaintiff bases federal jurisdiction on the minimal diversity of citizenship required by the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d) ("CAFA"). (Compl. at 4.) Because it is not possible to determine on the face of the complaint that minimal diversity is present, the action is dismissed with leave to amend to allege subject matter jurisdiction.

Unlike state courts,

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

///

1

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).[1]  Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

"A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010).

Plaintiff relies on CAFA which provides for jurisdiction over class actions where the matter in controversy exceeds $5 million and requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d).  The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

Individuals like Plaintiff are citizens of the state where they are domiciled. *Kanter*, 265 F.3d at 857.  Plaintiff alleges she is a California citizen. (Compl. at 5.)

One named Defendant, Joe Leventhal, is an individual.  Plaintiff does not allege his citizenship. (*See* Compl. at 5.)

Two named Defendants, i360, LLC and GC Strategies, LLC, are limited liability companies.  The citizenship of a limited liability company for purposes of diversity jurisdiction is determined by examining the citizenship of each of its members. *Carden*

---

[1] Unless otherwise noted, internal quotation marks, citations, and footnotes are omitted.

*v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage. L.P.*, 437 F.3d 894, 899 (9th Cir.2006).  Plaintiff does not allege the citizenship of Defendants' members.  (Compl. at 5.)  Accordingly, the citizenship of these Defendants cannot be determined from the face of the complaint.

Because Plaintiff does not allege any Defendant's citizenship, she has not alleged minimal diversity as required for subject matter jurisdiction under CAFA.  The complaint is dismissed for lack of subject matter jurisdiction.  Pursuant to 28 U.S.C. §1653, Plaintiff is granted leave to file an amended complaint to supplement her jurisdictional allegations.  If Plaintiff chooses to file an amended complaint, she must do so no later than **June 18, 2021**.

**IT IS SO ORDERED.**

Dated:  May 24, 2021

_____
Hon. M. James Lorenz
United States District Judge