1    **BARNES & THORNBURG LLP**
     KEVIN D. RISING (SBN 211663)
2    kevin.rising@btlaw.com
     ERIC J. BESTE (SBN 226089)
3    Eric.Beste@btlaw.com
     GARRETT S. LLEWELLYN (SBN 267427)
4    garrett.llewellyn@btlaw.com
     JONATHAN J. BOUSTANI (SBN 274748)
5    jboustani@btlaw.com
     655 W. Broadway, Suite 1300
6    San Diego, California 92101
     Telephone:  619-321-5000
7    Facsimile:   310-284-3894

8
     Attorneys for Defendants i360, LLC and
9    GC STRATEGIES, LLC

10

11                   UNITED STATES DISTRICT COURT

12                 SOUTHERN DISTRICT OF CALIFORNIA

13

14   JENNIFER TAG, on behalf of herself,    Case No. 3:21-cv-01184-BEN-BGS
     all others similarly situated, and the
15   general public,                        **NOTICE OF RELATED CASES**

16                       Plaintiff,
                                            Hon. Roger T. Benitez
17            v.
                                            (*Removed from the Superior Court of
18                                          California, County of San Diego, Case No.
     i360, LLC; GC STRATEGIES, LLC;         37-2021-00023265-CU-CR-CTL*)
19   JOSEPH LEVENTHAL; and DOES 1-
     1,000.                                 Complaint Filed: May 26, 2021
20                                          Removal Filed: June 28, 2021
21                       Defendants.

22

23

24

25

26

27

28

**TO THE CLERK OF THIS COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Civil Local Rule 40.1(f), the instant case entitled *Jennifer Tag v. i360, LLC; GC Strategies LLC; Joseph Leventhal; and DOES 1-1000*, Case No. 3:21-cv-01184-BEN-BGS (S.D. Cal.), originally filed in the Superior Court of San Diego County on May 26, 2021, and removed to this Court on June 28, 2021 ("Current *Tag* Case"), is related to the recently dismissed case of *Jennifer Tag v. i360, LLC; GC Strategies LLC; and Joseph Leventhal*, Case No. 3:21-cv-00975-L-MDD (S.D. Cal.), originally filed in this Court on May 21, 2021 ("Original *Tag* Case").  Civil Local Rule 40.1.f provides, in pertinent part:

> Whenever counsel has reason to believe that a pending action or proceeding on file or about to be filed is related to another pending action or proceeding on file in this or any other federal or State Court (whether pending, dismissed, or otherwise terminated), counsel must promptly file and serve on all known parties to each related action or proceeding a notice of related case, stating the title, number and filing date of each action or proceeding believed to be related, together with a brief statement of their relationship and the reasons why assignment to a single district judge is or is not likely to effect a saving of judicial effort and other economies.

CivLR 40.1.f.[1]  Local rules further define "related" actions as those which: (1) involve some of the same parties and are based on the same or similar claims; (2) involve the same property, transaction, or event; or (3) involve substantially the same facts and the same questions of law.  CivLR 40.1.g.

Here, the Original *Tag* Case is largely identical to the Current *Tag* Case.  Both cases name the same parties (with the recent addition of "Does 1-1000").  Both cases allege the same causes of action: (1) Negligence, (2) Public Disclosure of Private Facts, (3) Invasion of Privacy, Cal. Const. Art. 1, § 1, and (4) Violations of California Unfair Competition Laws, Cal. Bus & Prof. Code §§ 17200.  Both cases allege that Defendants wrongfully purchased, sold, and/or distributed the allegedly confidential voter registration information of California voters, including Plaintiff.  Thus, the two cases are "related" under the Local Rules, even though the Original *Tag* Case has been "dismissed, or otherwise terminated."  CivLR 40.1.f.

1   Although Judge Lorenz was sufficiently familiar with the Original *Tag* Case to

2   issue an order, *sua sponte,* dismissing the complaint for failure to allege diversity

3   jurisdiction, this decision came only three days after the case had been filed with this

4   Court.  In their Notice of Removal, Defendants i360, LLC and GC Strategies, LLC have

5   sufficiently alleged sufficient facts establishing diversity jurisdiction in this Court.

6   Accordingly, it is unclear whether reassignment of the Current *Tag* Case to Judge

7   Lorenz is likely to effect a saving or judicial effort or other economies.  Nonetheless,

8   because the two cases satisfy the terms of CivLR 40.1.f, Defendants i360, LLC and GC

9   Strategies, LLC hereby file this Notice of Related Cases.

10                                              Respectfully submitted,

11

12   Dated:  July 8, 2021                       **BARNES & THORNBURG LLP**

13                                              By:  */s/* Kevin D. Rising
14                                                    KEVIN D. RISING
                                                     ERIC J. BESTE
15                                                    GARRETT S. LLEWELLYN
                                                     JONATHAN J. BOUSTANI
16
                                                    Attorneys for Defendants i360, LLC
17                                                  and GC Strategies, LLC

18

19

20

21

22

23

24

25

26
_____
27   [1] On May 24, 2021, Judge Lorenz dismissed the Original *Tag* Case, with leave to
amend, because Plaintiff failed to sufficiently allege diversity jurisdiction.  Original *Tag*
28   Case, Dkt. #3.  Rather than refiling, on May 26, 2021, Plaintiff filed a "Notice of
Voluntary Dismissal" in the already dismissed case.  *Id*. Dkt. #4.

NOTICE OF RELATED CASES